CALVIN L. MINTON, APPELLANT, V. ERNEST M. PALMER ET
AL., APPELLEES.

FILED JUNE 7, 1907.   No. 14,866.

1. Petition: SUFFICIENCY. A petition to enjoin the execution of an
erroneous judgment of a justice of the peace, which fails to show
that the plaintiff has exhausted his legal remedy by appeal or
error, does not state a cause of action.

2. Appeal: PLEADING: AMENDMENT. Where objections are sustained
to the introduction of any testimony, on the ground that the
petition does not state facts sufficient to constitute a cause of
action, the plaintiff is not entitled as a matter of right to time in
which to amend his petition; and, where the record does not show
the character of the amendment proposed to be made, this court
will not review the action of the trial judge in refusing leave to
amend.

APPEAL from the district court for Dundy county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*R. D. Druliner* and *E. B. Perry,* for appellant.

*C. W. Meeker* and *D. G. Hines, contra.*

CALKINS, C.

This was a suit to enjoin the enforcement of a judg-
ment of a justice of the peace in replevin. The plaintiff
in the first and second paragraphs of his petition states
that the defendant Welch was a justice of the peace; and
that on or about the 12th day of December, 1904, in an
action pending before said justice, in which the defend-
ant Palmer was plaintiff and the plaintiff Minton was
defendant, Minton obtained a judgment for the return of
a calf, and costs of action. The third paragraph of said
petition is as follows: "That notwithstanding said ad-
judication of the rights of the said parties as to this
property, the said defendant Welch afterwards, on said
12th day of December, 1904, said judgment still being in
force and effect, upon the said Ernest M. Palmer filing a
new and second affidavit in replevin in a second action,

wherein said Ernest M. Palmer was again plaintiff and said Calvin L. Minton was again defendant, did issue a new and second order of replevin for the same and identical property, and did deliver the same to a special constable to be served, and upon the service and return of the same did set said cause down and hold the same for hearing on the 19th day of December, 1904, over the objection of the plaintiff herein, and proceeded to a hearing of said cause over the objection of the plaintiff herein; that during the hearing the plaintiff herein made objections to said proceedings, which said justice erroneously overruled; made objections to evidence offered, which said justice erroneously overruled; offered evidence, which the justice erroneously refused to admit, to which said defendant Welch, corruptly conniving and conspiring with the defendant Palmer herein, did fail and refuse to give plaintiff herein his exceptions, or to make a correct copy of the record of the proceedings had in said cause, and that said defendant Welch, still conniving and conspiring with defendant Palmer, on the said 19th day of December, 1904, rendered a pretended judgment in favor of defendant Palmer herein and against the plaintiff herein for the return of said light red heifer calf, for $1 damages, and for costs accruing in the two separate actions, amounting to $108.75, which judgment was void and of no effect; that said defendant Welch, still conniving and conspiring with said defendant Palmer herein, has corruptly refused and still corruptly refuses to prepare or furnish a correct transcript of the record of said cause, although the amount of fees have been tendered therefor, and by reason of such corrupt and unlawful refusal and such malfeasance in office the plaintiff herein is unable to perfect proceedings in error or by appeal from the justice court of said defendant Welch to the district court for said Dundy county, Nebraska, and plaintiff is unable to obtain a review of said pretended judgment by error proceedings, upon appeal, or by any other manner in an action at law." This was followed by allegations that the property in

question was really the property of the plaintiff Minton; that the judgment of December 12, 1904, was in full force and effect; that the defendants threatened to and were about to enforce the judgment of December 19, and file a transcript of the same in the district court; and that the defendants were insolvent; and plaintiff prayed that the defendants be enjoined from asserting any right or claim under said judgment. A temporary injunction was granted by the county judge, and after issues being joined in the district court, and upon the trial of the cause, the defendants demurred to the plaintiff's petition and objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action, which objection was sustained. The court, refusing the application of the plaintiff for 30 days in which to amend his petition, rendered judgment dismissing the action, from which judgment the plaintiff appeals.

1. The plaintiff appeared in the action which resulted in the second judgment, that of December 19, and made his defense. For errors committed upon that trial or in the rendition of that judgment, he had the remedy by appeal or error to the district court, and, unless he was deprived of these remedies without his own neglect or fault, he is not entitled to the remedy by injunction. *Proctor v. Pettitt,* 25 Neb. 96; *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44; *Mayer v. Nelson,* 54 Neb. 434; *Nebraska Loan & Trust Co. v. Crook,* 73 Neb. 485. He alleges "that the said defendant Welch, still conniving and conspiring with the defendant Palmer herein, has corruptly refused and still corruptly refuses to prepare or furnish a correct transcript of the record of said cause, although the amount of fees have been tendered therefor." There is no allegation that the plaintiff gave or offered to give the usual bond required upon appeal from a justice court, nor any excuse set forth for his failure so to do. The allegation that the justice refused to prepare a cor-

26

rect transcript does not amount to an allegation that the justice refused to make a sufficient transcript to enable the plaintiff to perfect an appeal to the district court or to bring proceedings in error. A refusal of the justice to perform this duty could have been enforced by mandamus. It was suggested on the argument that, owing to the time of holding the courts in Dundy county, the remedy by mandamus was not adequate; but no such facts are alleged in the petition.

2. Complaint is made of the refusal of the district court to give the plaintiff 30 days to amend his petition. It does not appear that any amendment was tendered, nor does the record show that the plaintiff indicated to the district court the character of the amendment which he desired to make. Section 144 of the code provides that "the court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." This language vests in the district court a discretion in permitting or refusing amendments. *Mills v. Miller*, 3 Neb. 87; *Hedges v. Roach*, 16 Neb. 673; *Commercial Nat. Bank v. Gibson*, 37 Neb. 750. This is a judicial discretion, the abuse of which is subject to review. But, when the character of the amendment is not disclosed by the record, it is impossible for us to say whether it should have been allowed or denied.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.