COVERDALE & COLPITTS, A COPARTNERSHIP, APPELLANT, V. DAKOTA COUNTY, APPELLEE.

12 N. W. 2d 764

FILED JANUARY 25, 1944. No. 31646.

*George W. Leamer,* for appellant.

*Malcolm R. Smith* and *S. W. McKinley, Jr.,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER and CHAPPELL, JJ., and POLK and NUSS, District Judges.

CHAPPELL, J.

Coverdale & Colpitts, a copartnership, appellant, hereinafter called plaintiff, filed a claim with the county clerk of Dakota county, Nebraska, to obtain payment for a traffic survey and report on a prospective bridge construction project. The claim was rejected by the county board and ap-

peal taken to the district court. Appellee, defendant county, demurred to plaintiff's petition on appeal for the reasons, that the petition shows on its face that the alleged claim was not filed within the time required by law, and that its allegations do not state facts sufficient to constitute a cause of action. The trial court sustained the defendant's demurrer *in toto* and dismissed the action at plaintiff's costs. Plaintiff appealed to this court, assigning as error the sustaining of the demurrer, and dismissal of the action without giving plaintiff the right to amend.

The petition on appeal alleges, in substance, that plaintiff and defendant entered into a contract whereby plaintiff, for a consideration, was to conduct a traffic survey over the bridge spanning the Missouri river between Dakota county, Nebraska, and Woodbury county, Iowa; that plaintiff performed the contract and completed the survey and report during the year 1937, which was accepted by defendant, and plaintiff filed a claim therefor with the county clerk of Dakota county on May 3, 1940, which was disallowed and rejected by the county board. Certain relative exhibits, "A" and "B," are attached to and made a part of plaintiff's petition. A copy of the claim filed with the county clerk appears in the transcript but is not attached to or made a part of plaintiff's petition. The prayer of the petition is for judgment against the county for the amount of the claim with interest from May 3, 1940, and costs.

Section 26-119, Comp. St. Supp. 1941, provides in part: "All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which forms the basis of the claim, shall have been furnished or performed: * * * ." In *Consolidated Chemical Laboratories v. Cass County*, 141 Neb. 486, 3 N. W. 2d 920, we held this provision constitutional, reasonable, and mandatory, both as to the filing of the claim and the time within which the filing thereof must be made. In that opinion we said: "A petition for the allowance of a claim against a county is demurrable where it shows on its face that the claim was not filed with the county clerk within the

time limited by a mandatory statute." See, also, *Verges v. Morrill County*, 143 Neb. 173, 9 N. W. 2d 221; *Case v. Fall River County*, 64 So. Dak. 375, 266 N. W. 728; 15 C. J. 649; 20 C. J. S. 1255, sec. 298. The words of the statute, "All claims against a county" necessarily include all claims arising *ex contractu* whether express or implied. See *Skidmore v. Alameda County*, 13 Cal. 2d 534, 90 Pac. 2d 577. To hold otherwise, as suggested by plaintiff, would in effect nullify the statute.

It is immaterial here whether exhibit "A," a letter from the defendant to plaintiff, was an offer or an acceptance, since exhibit "B," a letter from plaintiff to defendant, was an offer or counter-offer thereto and plaintiff relies for recovery upon this exhibit and its alleged acceptance by defendant. Exhibit "B," among other things, contains this significant statement by plaintiff: "(3) The Board of County Commissioners has legal authority to appropriate money from funds other than the proceeds of a revenue bond issue for this particular bridge and will pay our fees and expenses regardless of the favorable or unfavorable character of our report or in the event that, for any reason, the proposed bridge is not constructed." We can only decide that plaintiff seeks by the allegations and prayer of its petition to recover a general money judgment against defendant county which without question would be payable from taxation, and the petition shows on its face that the claim is barred by the statute.

Plaintiff admits in the brief, "There is no question but that the law is we cannot get our money from taxes, it must come from the revenue of the bridge." Nevertheless, the allegations of plaintiff's petition are insufficient to state a cause of action upon such a theory, or to charge that the claim arose by reason of, or was contractually payable from, revenue bonds, or from the revenue or funds or tolls derived from any bridge ever constructed by defendant county, as provided in sections 39-2101 to 39-2112, Comp. St. Supp. 1935, inclusive. Therefore, contentions made by plaintiff that the statute of limitations did not commence to

run until funds were available from the sale of revenue bonds or from revenue, funds, or tolls of a bridge, or that the statute (sec. 26-119, Comp. St. Supp. 1941), did not apply because the claim did not arise by reason of the governmental functions of the county but in its proprietary capacity, are not presented for decision by the deficient allegations of the plaintiff's petition.

The assignment that the trial court erred in dismissing plaintiff's petition without the right to amend, is without merit. Brief of counsel for plaintiff does not contain either argument or citation of authorities in support of the assignment. The statute, section 20-854, Comp. St. 1929, provides: "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct." See, also, Comp. St. 1929, sec. 20-852. Since the jurisdiction of the district court on appeal in such matters is derivative and not original (*Verges v. Morrill County, supra*), we are unable to observe how the "defect can be remedied by way of amendment" without filing, in effect, an original and different claim with the district court than the claim originally filed with the county clerk and presented to and rejected by the county board, from which the appeal was taken.

In any event, the record does not disclose that plaintiff ever tendered an amendment to the district court, or indicated the character of any amendment which it desired to make, which brings the contention within the rule established by this court in similar cases. In *Fidler v. Adair*, 109 Neb. 404, 191 N. W. 683, we held: "An application to amend a pleading is always addressed to the sound legal discretion of the court, and, as it is essential to the exercise of that discretion that the court be informed of the nature and purpose of the proposed amendment, before error can be predicated upon the refusal of the court to permit an amendment the record must show that under the circumstances the ruling of the court was an abuse of discretion." Likewise, in *Minton v. Palmer*, 79 Neb. 351, 112 N. W. 610,

this court said: "But, when the character of the amendment is not disclosed by the record, it is impossible for us to say whether it should have been allowed or denied." In each of the two latter cases the question of the right to amend arose after the trial court had sustained a demurrer to the petition.

We can only conclude that the trial court did not err when it sustained defendant's demurrer and dismissed the action. Therefore, the judgment is affirmed.

AFFIRMED.