LOUIS WEINER, APPELLANT, v. PAUL MORGAN ET AL., APPELLEES.

122 N. W. 2d 871

Filed July 19, 1963. No. 35475.

Alfred A. Fiedler, for appellant.

Edward Shafton, Bernard E. Vinardi, Gross, Welch, Vinardi, Kauffman, Schatz & MacKenzie, Morsman, Maxwell, Fike & Sawtell, Wells, Martin, Lane, Baird & Pedersen, and Alexander McKie, Jr., for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Louis Weiner, plaintiff and appellant, against Paul Morgan; Bernard E. Vinardi; First National Bank of Omaha, a corporation; Omaha National Bank, a corporation; First West Side Bank, a corporation; and United States National Bank, a corporation, defendants and appellees. It comes to this court on appeal by the plaintiff from an order of the district court sustaining demurrers by the defendants Morgan and Vinardi to a petition filed by the plaintiff, a judgment of dismissal of the action, and the overruling of a motion for new trial by the plaintiff. There were pleadings by the other named parties and rulings thereon, but these do not require mention herein since their rights and liabilities are subordinate to and dependent upon the ruling on the demurrers of Morgan and Vinardi.

Prior to the filing of the demurrers motions for summary judgment were filed by the defendants Morgan and Vinardi, but they are of no concern on this appeal.

By the petition filed herein it was alleged that on April 7, 1961, the district court for Douglas County, Nebraska, in an action pending in that court by Paul Morgan against Louis Weiner, entered a default judgment against Weiner for $12,430.84, which judgment was affirmed by this court on April 27, 1962. The action in the district court, as was also true in this court, was identified only by the docket number. The issue or issues presented for consideration and determination there have not been recited in the petition herein and neither have they been made a part thereof by reference.

It is pointed out that in the petition herein there is no declaration that Paul Morgan was not entitled to a default judgment in that case.

The true gist of the petition here is that there was an action by Paul Morgan against Louis Weiner for money growing out of an employment agreement, wherein the amount of recovery was in dispute; that Weiner being in default, a default judgment was entered and Morgan adduced evidence to prove the amount which he was entitled to recover; that the court determined that he was entitled to recover $12,430.84; that Paul Morgan, who is a defendant here, and Bernard E. Vinardi, who was attorney in that case and is a defendant in the case here, well knowing that Paul Morgan was not entitled to the amount of the judgment rendered, to sustain the recovery, knowingly used false, fraudulent, and deceitful testimony; and that Weiner had no knowledge of this false testimony until it was written for the bill of exceptions. The petition does not so state but the reference is obviously to the preparation of the bill of exceptions in the appeal from the default judgment.

It is nowhere pointed out by the petition herein that in that case this alleged fraud or perjury was called to the attention of the court or that any effort was made in

that proceeding to seek to have the judgment set aside on these grounds.

As has been indicated the plaintiff does not seek by his petition to have the judgment vacated but only corrected as to amount. The request is: "That upon trial the Court take evidence as to the correct amount of said judgment and entered (sic) judgment accordingly." There is nothing in the petition of the plaintiff declaring the amount which the plaintiff contends that the defendant Paul Morgan was entitled to receive in the other action from the plaintiff in this action.

With the record in the state indicated the defendants Morgan and Vinardi filed the demurrers which have been mentioned. These were general demurrers. They contained grounds of special demurrer also, but these special grounds are of no significance in the determination of the matter before the court at this time. A hearing was had and the demurrers were sustained, and at the same time the action as to all parties was dismissed. The order contained reference to and observations upon other matters which are of no concern here. By the order the plaintiff was not accorded an opportunity to amend his petition.

The plaintiff filed a motion for new trial. To the extent necessary to refer to its contents herein it is asserted that the court erred in dismissing the action without affording the plaintiff an opportunity to amend his petition. This contention of the plaintiff was asserted as ground for reversal on appeal to this court. The plaintiff urges that as of right he was entitled to an opportunity to amend his petition following the order sustaining the general demurrers thereto.

The record here discloses no application for leave to amend the petition and nothing to indicate what, if anything, in an amended petition would have been materially different from what was contained in the original petition. This subject will be considered further later herein.

As to the petition to which the demurrers were sustained, it must be said that it contains no allegations of ultimate fact the effect of which would defeat the right of recovery by the defendant herein, Paul Morgan, or the judgment which he obtained in the case of Morgan v. Weiner. There is of course a suggestion that the recovery was excessive. The petition and the prayer thereof amount to nothing more than conclusions and not factual declarations.

There is no declaration in the petition that the plaintiff was prevented by any act or acts of the defendants or any of them, or by improper action of the court, from appearing and defending against the claim of Paul Morgan, and in that action from testing the credibility of the evidence adduced in support of the judgment which was obtained. The claim of falsity is not factually declared, but is presented only by conclusion.

In the light of these observations it becomes clear that the petition was subject to general demurrer on two grounds and that they were properly sustained. The first of the two was that it contained only conclusions of law and of fact. The controlling rule applicable is the following: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." Anschutz v. Central Nat. Bank, 173 Neb. 60, 112 N. W. 2d 545. See, also, State ex rel. Beck v. Obbink, 172 Neb. 242, 109 N. W. 2d 288; Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75.

The other ground of propriety in sustaining the general demurrers was based upon res judicata. This is dependent upon the general rule that while a court will take judicial notice of its own records, it will not in one case take judicial notice of the record in another case. However, there are instances where cases may be so closely interwoven, or so clearly interdependent, as to permit a rule of judicial notice in one suit of the pro-

ceedings in another, and the court will take notice of its records to the extent of knowing that the controversy involved in an appeal has already been considered by it on a previous occasion. See, Witzenburg v. State, 140 Neb. 171, 299 N. W. 533; Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224.

Examination of the petition in the case here discloses that the attempted declaration of a cause of action in it was but conclusions as to the facts which had been presented to and adjudicated adversely to the plaintiff herein in the other action. Specifically in the other case the question of the truth or falsity of the evidence which it is sought to examine in this case was, in the very nature of things, judicially examined and the adjudication thereon was adverse to the plaintiff in the present case. Thus it becomes clear that reference by the court in this case to the former case was proper which reference demonstrated that the judgment was res judicata here, and accordingly on that ground the general demurrers were properly sustained.

Notwithstanding the demurrable character of the petition the plaintiff urges that in any event he had an absolute right to amend and it was reversible error to deny this right. This contention cannot be sustained.

Section 25-854, R. R. S. 1943, provides: "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct."

Section 25-856, R. R. S. 1943, provides: "Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply alleging facts material to the case, occurring after the former petition, answer or reply."

As to these sections, the terms do not declare an absolute right of amendment. The case of Coverdale & Colpitts v. Dakota County, 144 Neb. 166, 12 N. W. 2d 764, makes it clear, particularly as to section 25-854,

R. R. S. 1943, that the right is one which is subject to control by the sound discretion of the court by the following: "Before error can be predicated upon the refusal of the court to permit an amendment to a petition, after demurrer thereto is sustained, the record must show that under the circumstances the ruling of the court was an abuse of discretion."

In this case the first request for leave to amend was contained in the motion for new trial and for rehearing after judgment. No showing the effect of which was to assert that facts would or could be pleaded which would render the petition invulnerable to a demurrer was ever made. In view of this it may not well be said the failure to permit an amendment of the petition amounted to an abuse of discretion.

One other matter, it appears, should be mentioned although, in the light of the decision herein, it has no controlling significance. The defendants contend that this court is without jurisdiction to consider the appeal for the reason that within the meaning of section 25-1912, R. S. Supp., 1961, the notice of appeal was not given in time. This provision requires that notice shall be given within 1 month from the date of the order appealed from.

The judgment was entered December 7, 1962. Motion for new trial was filed the same day. On January 21, 1963, the motion for new trial was overruled. Notice of appeal was given on January 23, 1963. The defendants contend that the plaintiff had only 1 month from December 7, 1962, within which to give notice of appeal. The theory is that the order of dismissal was based upon The theory of law and not of fact, hence the time for giving of notice began to run from the date the order of dismissal was rendered and not the date of the ruling on the motion for new trial.

This contention of the defendants is without merit. The correct rule is stated as follows: "When a demurrer to a petition is sustained, the plaintiff's action dismissed,

and a motion for a new trial and rehearing is filed, in the event it is ruled upon, then under section 25-1912, R. R. S. 1943 (now section 25-1912, R. S. Supp., 1961), the time for appeal begins to run from the date of the ruling on the motion for a new trial and rehearing." Brasier v. Cribbett, 166 Neb. 145, 88 N. W. 2d 235. See, also, McGerr v. Marsh, 148 Neb. 50, 26 N. W. 2d 374.

There is a voluminous record in this case in which numerous matters are referred to which it is concluded have no bearing upon the matter properly before the court for consideration, which is the sufficiency of the plaintiff's petition, hence they are not discussed.

In the light of what is said herein the judgment of the district court sustaining the demurrers of the defendants and dismissing the action is affirmed.

AFFIRMED.