IN THE INTEREST OF RONDA OTTO ET AL.
DUANE L. HUBBARD, APPELLEE, v. RUBY OTTO LOEWENSTEIN, APPELLANT.
147 N. W. 2d 164

Filed December 16, 1966. No. 36311.

Mingus & Mingus, for appellant.

J. Karr Taylor, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

McCOWN, J.

This is an appeal by Ruby Otto Loewenstein, the mother of two children, aged 8 and 3 years, from a judgment of the district court for Buffalo County declaring the children dependent and neglected children, and placing them in the custody of the State of Nebraska, Department of Public Welfare, with full power to place the children out for adoption.

The first assignment of error challenges the jurisdiction of the court on the ground that the petition was not properly verified by affidavit; that the mother was a resident of Dawson County; that the residence of the children followed that of the mother; and that Buffalo County was not the proper county for jurisdiction. The petition specifically alleges that the minor children, as of the date of filing on January 22, 1966, were in the custody of Fern Anderson, Kearney, where they were placed by the sheriff November 13, 1965. These facts

meet the requirements of the statutes and are not denied either in the pleadings or the evidence. The petition is verified on oath by the deputy county attorney, and such verification is clearly sufficient as an affidavit. The record also shows that the divorce action in which custody had originally been granted to Ruby Otto was in Buffalo County. Jurisdiction in proceedings to declare children neglected or dependent under section 43-201, R. S. Supp., 1965, does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. See Jones v. State, 175 Neb. 711, 123 N. W. 2d 633.

It is also assigned as error that the mother and natural guardian was not given proper notice in the premises. The record discloses that in accordance with section 43-206, R. S. Supp., 1965, Fern Anderson, the person having custody of the children was served with summons as required. Notice of the filing of this petition and of the time and place of hearing were received by the mother on January 25, 1966. Both the mother and the father were present at the hearing on February 1, 1966, and the mother was also represented by counsel. Constitutional and statutory requirements of notice and due process were complied with, and this assignment of error cannot be sustained.

The remaining assignments of error basically have to do with the sufficiency of the evidence in the record to support the judgment and to questions involving evidence which could properly be considered by the court. It is quite obvious that all parties concerned proceeded with a knowledge of certain facts which are not in this record, together with other facts which are only partially reflected in the record. One of these was an order of the district court for Buffalo County taking the custody of these children away from their mother in November 1965 "in the divorce case." No copy of the order or record of the hearing in November 1965 is in evidence here. The court, however, stated in the record that such

an order and findings supporting it had been entered, and extensively questioned the mother as to why she did not appear at the November hearing although she had had notice of it. While a court will not ordinarily in one case take judicial notice of the record in another case, an exception rather than the rule applies here. Where cases are interwoven and interdependent and involve the custody of the same children and the fitness of one of the parties then before the court to have their custody, and the controversy involved has already been considered and determined by the court in former proceedings, the court may examine its own records and take judicial notice of its own proceedings and judgment in the former action. See Weiner v. Morgan, 175 Neb. 656, 122 N. W. 2d 871.

The appellant here obviously desires to have the word "neglected" interpreted as applying solely to physical neglect and having no relationship to the morals or well-being of the children. The specific language of section 43-201, R. S. Supp., 1965, refers to the health, morals, or well-being of the child, and specifically refers also to lack of proper parental care by reason of the fault or habits of his parent, guardian, or custodian. Without going into the rather sordid evidence in this record, it amply supports the finding of the court that the appellant was unfit to have the custody of these children. There was also some testimony of physical neglect which was denied by the mother. Where the evidence on material questions of fact in a case such as the instant case is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. See Lakey v. Gudgel, 158 Neb. 116, 62 N. W. 2d 525.

The father of the children also appeared as a witness here and conceded that he would not be a proper person to look after these children. Where both parents

are affirmatively found to be unfit, the custody of the child will be determined solely by the welfare and best interests of the child. See Lakey v. Gudgel, *supra*.

Under the circumstances here, even in the limited connotation of the evidence produced in the record, these children were neglected and dependent children within the meaning of the statute.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

SMITH, J., concurring in result.

The district court noticed its custodial order made in the divorce suit, although the order had not been reviewed on appeal. To sanction the practice the majority opinion modifies a rule. In the past a district court ordinarily declined to notice its record of a case not then before it. An exception for final orders on appeal is similar to the modification announced today. See, Weiner v. Morgan, 175 Neb. 656, 122 N. W. 2d 871; Schroeder v. Homestead Corp., 163 Neb. 43, 77 N. W. 2d 678; State ex rel. Weasmer v. Manpower of Omaha, Inc., 163 Neb. 529, 80 N. W. 2d 580; Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874; Johnson v. Marsh, 146 Neb. 257, 19 N. W. 2d 366.

The judicial notice under consideration is simply a substitute for formal proof, and its efficient test is facility of verification. See McCormick on Evidence, § 323, p. 687, and § 327, p. 701. No longer should we demarcate a record of a case before a court from records of other cases in the same court, for one may be verified as easily as another. Interdependency has its place but not in the area of judicial notice. I hope that the new rule, which is adequate for affirmance today, does not circumscribe permissive notice for the future.