PETER T. SUZUKI AND CAROL J. SUZUKI,
APPELLANTS, V.
GATEWAY REALTY OF AMERICA,
A NEBRASKA CORPORATION, APPELLEE.

299 N.W.2d 762

Filed December 29, 1980.   No. 42776.

Clarence E. Mock of Johnson & Mock for appellants.

Frank H. Kulig of Marer, Venteicher, Strasheim, Laughlin & Murray, P.C., for appellee.

Heard before BOSLAUGH and MCCOWN, JJ., and COLWELL, KNEIFL, and WHITEHEAD, District Judges.

WHITEHEAD, District Judge.

This action was filed in the District Court for Douglas County, Nebraska, by Peter and Carol Suzuki (Suzukis). Action was originally filed against Gateway Realty of America, Omaha Division, Inc., a Nebraska corporation, but by agreement of the parties, Gateway Realty of America, Bellevue Division, Inc., a Nebraska corporation (Gateway), was substituted as a proper party defendant. This action was joined with causes of action filed against John and Cynthia McLaughlin (McLaughlins), Betty Vodicka (Vodicka), and John Wagner (Wagner). The first amended petition alleged four causes of action against all parties as joint tortfeasors. In their petition, the Suzukis alleged that the McLaughlins were the owners of a residence located at 1030 Chapel Hills Drive, Elkhorn, Nebraska, and that they listed the residence for sale with Gateway. Vodicka, identified as the listing agent, and Wagner, identified as the selling agent, were alleged to be employees of Gateway.

The first cause of action alleged negligence on the part of defendants in offering for sale and constructing the home in an unworkmanlike manner so as to make it uninhabitable. Gateway filed a motion to make more definite and certain, asking the appellants to set forth acts or omissions, if any, of Gateway in offering the subject property for sale in an unworkmanlike manner so as to make it uninhabitable, and the acts and omissions of Gateway constituting constructing the home in an unworkmanlike manner. The trial court sustained the motion and granted the appellants 10 days to amend. Appellants' amendment to amended petition inserted the names of the sellers, McLaughlins, immediately following the word "defendants" in their

first cause of action, thus apparently restricting the first cause of action to those defendants. Subsequently, demurrers were filed on behalf of Gateway, Wagner, and Vodicka to all four causes of action. The demurrers of Wagner and Vodicka were sustained by the trial court on June 9, 1978, to all four causes of action. Gateway's demurrer to the first cause of action as amended was sustained, the court being silent as to whether Suzukis had permission to amend. No motion was filed by Suzukis for leave to further amend their petition.

On January 3, 1979, Gateway filed a motion for summary judgment on all the remaining causes of action set forth in the first amended petition. On February 8, 1979, Suzukis sought and obtained leave to file a second amended petition. On February 16, 1979, a second amended petition was filed which was not substantially different from the first amended petition except that a fifth cause of action had been pleaded claiming damages as a result of violation of Neb. Rev. Stat. § 31-727.03 (Reissue 1978), which required disclosure of certain information about sanitary and improvement districts.

A hearing was subsequently held on Gateway's motion for summary judgment. On February 27, 1979, that motion was sustained as to the second, third, and fourth causes of action. The motion had not, however, encompassed the newly pleaded fifth cause of action which remained for trial. On March 7th, Suzukis filed a motion for new trial which was subsequently expanded by a pleading entitled "amended motion for new trial." On April 18, 1979, the court, after hearing, overruled those motions. On May 17, 1979, Suzukis filed their notice of intention to appeal, and on May 24, 1979, Suzukis voluntarily dismissed their fifth cause of action as set forth in their second amended petition.

Suzukis assign as error the District Court's sustaining of Gateway's demurrer to Suzukis' first cause of action as set forth in their second amended petition

without giving the plaintiffs leave to amend. The Suzukis also claim that the court erred in sustaining Gateway's motion for summary judgment as to the third cause of action on breach of express warranty as set forth in Suzukis' second amended petition and in granting Gateway's motion for summary judgment as to the fourth cause of action for fraudulent misrepresentation as set forth in Suzukis' second amended petition. We affirm.

Neb. Rev. Stat. § 25-854 (Reissue 1979) provides that, if a demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct.

This section of the statute has been held by this court on several occasions to not provide an absolute right of amendment. See, *Evans v. Metropolitan Utilities Dist.*, 184 Neb. 172, 166 N.W.2d 411 (1969); *Weiner v. Morgan*, 175 Neb. 656, 122 N.W.2d 871 (1963); *Coverdale & Colpitts v. Dakota County*, 144 Neb. 166, 12 N.W.2d 764 (1944). This court has previously stated that, before error can be predicated upon the refusal of the court to permit an amendment to a petition after demurrer thereto is sustained, the record must show that, under the circumstances, the ruling of the court was an abuse of discretion. *Coverdale & Colpitts v. Dakota County; Weiner v. Morgan.*

In this case, the trial court, after sustaining the demurrer to the first cause of action, did not refuse to grant permission to amend the petition, but was silent on the matter and the plaintiffs at no time requested leave to amend their petition prior to the time of filing a motion for new trial in this case. This is the same fact situation as *Evans v. Metropolitan Utilities Dist., supra.* In this case, as in the *Evans* case, the plaintiffs made no effort to amend their petition.

This court then can only conclude that the plaintiffs could not see any manner in which to amend their petition to allege a cause of action in negligence against

Gateway and the ruling of the District Court is correct.

The granting of the defendant's motion for summary judgment as to the second cause of action of plaintiffs' petition is not at any time during the course of these proceedings contested by Suzukis as being in error and the granting of a summary judgment on the plaintiffs' second cause of action is, therefore, affirmed.

It is commonly understood that a motion for summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Warren v. Papillion School Dist. No. 27*, 199 Neb. 410, 259 N.W.2d 281 (1977). It is also commonly understood that the burden is upon the party moving for the summary judgment to show that no issue of fact exists, and unless he can conclusively do so, the motion must be overruled. *Green v. Village of Terrytown*, 189 Neb. 615, 204 N.W.2d 152 (1973). In the case at hand, the third cause of action alleges a breach of express warranty and the fourth cause of action alleges that the Suzukis purchased this home because of the fraudulent misrepresentations of the defendant Gateway or its agents.

The Suzukis' third cause of action alleges that Gateway, through its agents, "as agents for defendants McLaughlin," expressly warranted that the house was built of reasonable quality workmanship, that unfinished items in the home would be completed at no expense to Suzukis, and that the home was fit and suitable for the purpose for which it was to be used by Suzukis; and Suzukis were induced to purchase said home and relied on the alleged express warranties.

Suzukis allege, and the evidence is undisputed, that Gateway was an agent of the defendant owners, McLaughlins, and this fact was disclosed to Suzukis.

It is generally recognized that "[a]s a general rule, where an obligation is that of a principal, a court cannot enforce the obligation againt the agent as long as he is merely acting as agent." 3 C.J.S. *Agency* § 361

(1973). See, also, *Arnold Livestock Sales Company, Inc. v. Pearson*, 383 F. Supp. 1319 (D. Neb. 1974).

However, an agent can be held liable if he makes some representation or performs some act on his own responsibility without authorization from his principal. See 3 C.J.S. *Agency* § 362 (1973). But "[t]his rule is intended to apply only where the unauthorized act of the agent leaves the third party with no claim against the principal, who is not bound by the transaction . . . ." *Id.*

The express warranties alleged and evidence presented do not place Gateway in excess of the authority of the agency and, therefore, the granting of summary judgment for Gateway on Suzukis' third cause of action was proper.

In the fourth cause of action, the Suzukis allege that the defendant Gateway, by and through its agents, Wagner and Vodicka, fraudulently misrepresented to plaintiffs that the aforementioned home was reasonably fit for habitation and that the home was a quality built home; willfully concealed from the plaintiffs the fact that the home was of inferior construction and contained many latent defects which the plaintiffs could not have discovered upon the reasonable inspection of the same; and since the property had been listed with Gateway for the previous 11 months, Gateway, through imputed knowledge, knew of some of the defects.

This court has said many times that the essential elements required to sustain an action for fraudulent misrepresentation are, generally speaking, that a representation was made as a statement of fact, which was untrue or known to be untrue by the party making it, or else recklessly made, that it was made with the intent to deceive and for the purpose of inducing the other party to act upon it, and the injured party did in fact rely upon it and was induced thereby to act to his injury or damage. *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980).

The undisputed facts in this matter are that plaintiffs had examined the home and the defects complained of were not readily visible. The testimony is uncontested that the defendant Gateway or its agents did not know of the alleged defects. Suzukis state the square footage of the house was smaller than represented; however, it is uncontested that the square footage figure was supplied to Gateway by the owners McLaughlins and the discrepancy in the square footage was brought to the attention of the Suzukis prior to closing. The court can find nothing in the depositions offered that in any way shows that the representations complained of were made with an intention to deceive or that the plaintiffs relied thereon and, therefore, the granting of the motion for summary judgment as to the fourth cause of action was proper.

In conclusion, the plaintiffs' assignments of error are not sustained by the record and the judgment of the trial court is affirmed.

AFFIRMED.