LARRY B. MEYERSON, APPELLANT, V. COOPERS & LYBRAND, A PARTNERSHIP, APPELLEE.
JUAN ROQUE, APPELLANT, V. COOPERS & LYBRAND, A PARTNERSHIP, APPELLEE.
MALCOLM BALLINGER, APPELLANT, V. COOPERS & LYBRAND, A PARTNERSHIP, APPELLEE.
448 N.W.2d 129

Filed November 17, 1989.   Nos. 87-1138, 87-1139, 87-1140.

Michael L. Schleich and Amy S. Bones, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellants.

Maureen E. McGrath and Jeff A. Anderson, of Kutak Rock & Campbell, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.
The plaintiffs, shareholders of World Radio Laboratories, Inc., have appealed from orders of the district court which dismissed their amended petitions following the sustaining of defendant's demurrers. Plaintiffs' actions were based on the alleged negligence of the defendant in its capacity as a firm of certified public accountants in rendering improper and

inaccurate examinations of various financial statements issued by World Radio. They sought the recovery of damages to them, as shareholders, allegedly separate and distinct from those damages suffered by the corporation itself. The three cases have been consolidated for briefing and argument.

In reviewing an order sustaining a demurrer, this court accepts the truth of facts well pled and the factual and legal inferences which reasonably may be deduced from such facts, but does not accept conclusions of the pleader. *S.I.D. No. 272 v. Marquardt, ante* p. 39, 443 N.W.2d 877 (1989); *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989); *Peterson v. Cisper*, 231 Neb. 450, 436 N.W.2d 533 (1989).

In ruling on a demurrer, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *S.I.D. No. 272 v. Marquardt, supra.*

The plaintiffs' assignments of error are that the trial court was incorrect in failing to find that the plaintiffs, as shareholders, possessed a cause of action for their own particular injuries separate and distinct from those of the corporation and that if the demurrers were sustained on the basis of the statute of limitations, such actions were improper because the allegations of the amended petitions relate back to the time of the filing of the original petitions.

Plaintiffs' original petitions alleged the collective ownership of something in excess of 90 percent of the capital stock of World Radio; that World Radio for all fiscal years since 1970 had annually engaged the defendant, Coopers & Lybrand, to examine the financial statements of World Radio and to study and evaluate World Radio's system of internal accounting controls; that Coopers did perform such examinations and rendered such opinions to World Radio for each fiscal year up to and including the one ending June 2, 1984; that such reports certified that the financial statements examined presented fairly the consolidated financial position of World Radio; and that Coopers failed to properly perform and performed negligently its obligations with respect to all annual examinations. The petitions further alleged that as a result of such negligence, World Radio is unable to obtain or raise equity

capital for expansion purposes, is unable to expand existing credit lines, has lost revenues, and has incurred expenses it would not otherwise have had; that World Radio's stockholders' equity and the value of World Radio's business is less than it would otherwise have been; and that World Radio has inadequate capital to operate. The petitions also alleged that as a natural consequence of Coopers' negligence, the equity of plaintiffs' stock has been reduced, the value of their stock has been reduced, and the plaintiffs have been unable to sell their World Radio stock in a public equity offering or to obtain stock in another entity as a result of a merger or consolidation.

Coopers demurred on the grounds that the facts did not state a cause of action, the plaintiffs had no legal capacity to sue, and there was a defect in parties plaintiff. The demurrers were sustained, and plaintiffs filed amended petitions.

The amended petitions alleged the same facts except that added to those petitions were allegations that the written opinions were furnished to World Radio and plaintiffs, that the written opinions furnished by Coopers were certified to plaintiffs, that the written opinions were delivered by Coopers to World Radio and plaintiffs, and that Coopers knew that plaintiffs were relying on the written opinions to offer the stock they owned in World Radio for sale in a public equity offering and, further, that Coopers knew and advised plaintiffs that plaintiffs would be able to sell their World Radio stock for a price in excess of its actual book value.

The amended petitions concluded with allegations that the equity of plaintiffs' stock has been reduced, the value of such stock has been reduced, plaintiffs "have been unable to sell their World Radio stock in a public equity offering" or to obtain stock in another entity as a result of a merger and have thus been prevented from realizing any amount in excess of the actual book value of the stock, and plaintiffs have lost the opportunity to receive dividends from World Radio.

Coopers again demurred on the same grounds as before and on the additional ground that the causes of action stated, if any, are barred by the statute of limitations.

The trial court gave no reason for its acts of sustaining the

demurrers. This makes it somewhat difficult to identify and analyze the question presented. This court, in *Clyde v. Buchfinck*, 198 Neb. 586, 594, 254 N.W.2d 393, 397-98 (1977) (citing with approval *In re Linford's Estate, Linford v. Linford et al.*, 116 Utah 21, 207 P.2d 1033 (1949)), stated: " 'When a demurrer is interposed stating several grounds, the court should, when sustaining the demurrer, specify the grounds upon which it is sustained; otherwise, this court is not informed in regards wherein the complaint was deficient. . . .' "

The apparent ground upon which the demurrers were sustained, and the question argued most strenuously by the parties, is the claimed derivative nature of the action.

As a general rule a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders. The right of a shareholder to sue is derivative in nature and normally can be brought only in a representative capacity for the corporation. See, *Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988); *Henderson v. Joplin*, 191 Neb. 827, 217 N.W.2d 920 (1974); *E. K. Buck Retail Stores v. Harkert*, 157 Neb. 867, 62 N.W.2d 288 (1954).

There is a well-recognized exception to the general rule: If the shareholder properly establishes an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, rather than as a shareholder, such individual action may be maintained. See, *Cunningham v. Kartridg Pak Co.*, 332 N.W.2d 881 (Iowa 1983); *W. Clay Jackson Enterprises v. Greyhound Leasing*, 463 F. Supp. 666 (D.P.R. 1979); 12B W. Fletcher, Cyclopedia of the Law of Private Corporations § 5911 (rev. perm. ed. 1984); 19 Am. Jur. 2d *Corporations* § 2249 (1986).

The courts generally are in agreement that to come within this exception, the shareholder must demonstrate that there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder or that the shareholder suffered an injury separate and distinct from that suffered by other shareholders. See 12B W. Fletcher, *supra*; *Cunningham v. Kartridg Pak Co., supra*; *W. Clay Jackson Enterprises v. Greyhound Leasing,*

*supra* (separate injury); *E. K. Buck Retail Stores v. Harkert, supra* (separate and distinct injury); 19 Am. Jur. 2d, *supra* (special duty).

This exception is now recognized in Nebraska. In *Wells Fargo Ag Credit Corp. v. Batterman, supra* at 20, 424 N.W.2d at 874, this court said:

> There are exceptions to the rule precluding actions by shareholders, as individuals, where the cause of action belongs to the corporation, such as a situation where a shareholder's loss is separate and distinct from that of other shareholders of the corporation or where there may be a special duty owed by a wrongdoer to a shareholder.

Plaintiffs argue that the actions are not derivative but, rather, are individual claims seeking redress for direct injury. According to plaintiffs, they satisfy both of the exceptions to the general rule prohibiting suit by a shareholder for injury to the corporation and thus may bring individual actions.

## SEPARATE AND DISTINCT INJURY

It is only where the injury to the plaintiff's stock is peculiar to him or her alone, such as in an action based on a contract to which the shareholder is a party, on a right belonging to him or her, or on a fraud affecting him or her directly, and does not fall alike upon other shareholders, that the shareholder may recover as an individual. See 12B W. Fletcher, *supra*, §§ 5911 and 5913.

This court, in *E. K. Buck Retail Stores v. Harkert, supra*, made it clear that a shareholder may sue personally when he or she has sustained a loss separate and distinct from that of other shareholders. When a shareholder fails to assert a claim peculiarly his or her own as distinguished from other shareholders, to allow the shareholder to sue personally would authorize a suit by each shareholder and result in a multiplicity of suits. As explained by the court:

> When the injury is to the collective rights of stockholders and the corporate property has been augmented by restitution, the plaintiffs, who have suffered as one of these, will be fully indemnified. If a stockholder is permitted to bring an action personally to recover his

> proportionate share of the damages suffered by the corporation, a subsequent recovery by or for the corporation would be equivalent to a double recovery for him.

*Id*. at 900, 62 N.W.2d at 307.

Plaintiffs argue that they did suffer injury separate and distinct from that suffered by World Radio as a corporate entity. However, to state claims entitling them to bring individual actions, plaintiffs must allege injury separate and distinct from injury suffered by other shareholders, not injury separate and distinct from injury suffered by the corporation. A review of the allegations of the amended petitions reveals that the injuries are not separate and distinct from injuries suffered by the corporation or other shareholders.

It is alleged that plaintiffs were damaged in the following particulars: (1) The equity of their stock has been reduced; (2) the value of their stock has been reduced; (3) they have been unable to sell their stock in a public equity offering or to obtain stock in another entity through merger or consolidation and have thus been prevented from realizing any amount in excess of the actual book value of their stock; and (4) they lost the opportunity to receive dividends from World Radio.

The allegation of damage to the equity of plaintiffs' stock is essentially the same as one of their allegations of damage to World Radio, i.e., "World Radio's stockholders' equity . . . is less than it would otherwise have been."

As for plaintiffs' allegation that the value of their stock has been reduced, diminution in the value of the stock is a direct injury to the corporation and only an indirect or incidental injury to an individual shareholder. See, *W. Clay Jackson Enterprises v. Greyhound Leasing*, 463 F. Supp. 666 (D.P.R. 1979); *Brictson v. Woodrough*, 164 F.2d 107 (8th Cir. 1947), *cert. denied* 334 U.S. 849, 68 S. Ct. 1500, 92 L. Ed. 1772 (1948); 12B W. Fletcher, Cyclopedia of the Law of Private Corporations § 5913 (rev. perm. ed. 1984); 19 Am. Jur. 2d *Corporations* § 2246 (1986). As noted by the court in *W. Clay Jackson Enterprises v. Greyhound Leasing, supra* at 671:

> The diminution in value of a stockholder's investment is a concomitant of the corporate injuries resulting in lost

profits. *A fortiori*, any redress obtained by the corporations would run to the benefit of their stockholders, and to permit the latter to proceed with those claims would permit a double recovery.

Plaintiffs allege that they were damaged in that they "have been unable to sell their . . . stock in a public equity offering" and thus "have been prevented from realizing any amount in excess of the actual book value of said stock." Plaintiffs argue that they are not seeking redress for misappropriation of corporate assets or property or for any injury to the corporation but, rather, are seeking individual damages because, as a result of defendant's alleged negligence, they were unable to consummate their plan to sell their stock in a public equity offering. This reasoning is impossible to follow given that a public equity offering is an offering by the corporation of newly issued stock in exchange for new capital invested in the corporation. A public equity offering is not a sale of existing and already issued stock in the possession of shareholders.

The final allegation of damage is the lost opportunity to receive dividends from World Radio. Such injury would not be peculiar to plaintiffs, but would be suffered by all shareholders of the corporation.

Even though all shares of stock of a corporation may be owned by a small number of shareholders or by one shareholder alone, a shareholder cannot sue individually concerning rights which belong to the corporation. *Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 424 N.W.2d 870 (1988); 12B W. Fletcher, *supra*, § 5910. All of plaintiffs' alleged damages are derivative from the alleged corporate injury and, by their very nature, would necessarily have been sustained by all of the shareholders of World Radio. Plaintiffs have no separate and distinct injury upon which to base individual actions.

## SPECIAL DUTY

If the injury to the shareholder resulted from the violation of some special duty owed by the wrongdoer to the shareholder, then the shareholder may bring an individual action. *Wells Fargo Ag Credit Corp. v. Batterman, supra*; *Cunningham v. Kartridg Pak Co.*, 332 N.W.2d 881 (Iowa 1983); 12B W.

Fletcher, *supra*, § 5911; 19 Am. Jur. 2d, *supra*, § 2249.

Plaintiffs contend that Coopers owed them a duty to see that the World Radio financial statements fairly represented the consolidated financial conditions of World Radio. In support of their contention, plaintiffs cite *Rosenblum v. Adler*, 93 N.J. 324, 461 A.2d 138 (1983), as authority for a special duty certified public accountants owe shareholders, which duty is separate from any duty the accountant might owe the corporation being audited. Plaintiffs simply misinterpret the gist of their extensive citation from the case. The point of the court's indepth analysis of the function of an accountant is that an accountant auditing a corporation owes an obligation of fairness not only to management but to the shareholders as well. This obligation, however, does not rise to the level of a special duty owed directly to the shareholders, the breach of which would allow each shareholder to sue as an individual. To go that far would allow the multiplicity of suits the rule against individual suits by shareholders seeks to avoid.

Nevertheless, plaintiffs allege that Coopers was rendering advice to World Radio and plaintiffs with respect to a public equity offering and in relation thereto advised plaintiffs that they would be able to sell their stock at a price in excess of its actual book value. Construing the amended petitions liberally and taking this fact as true for the purpose of demurrer, we will assume that plaintiffs have alleged conduct on the part of Coopers outside the scope of the auditing contracts, for which conduct Coopers owed plaintiffs a direct duty of care.

Based on that assumption, Coopers owed plaintiffs a special duty separate from the duty Coopers owed to the corporation. However, plaintiffs failed to allege sufficient facts to state individual causes of action against Coopers; i.e., plaintiffs neglected to allege any facts establishing that they acted affirmatively in reliance on Coopers' advice and were thereby damaged. Rather, their allegations amounted to mere conclusions.

Plaintiffs in their amended petitions made no allegations that any public offering was actually made or that any actual agreement for merger or consolidation fell through as a result of any negligent advice rendered to plaintiffs or as a result of the

alleged inaccuracies in World Radio's financial statements. Without an allegation of any affirmative acts taken in reliance on the audited financial statements or Coopers' advice, plaintiffs have stated only that the value of their stock has been reduced and they have lost the opportunity to receive dividends, which, as stated, are no more than derivative claims.

Since the amended petitions fail to establish injury to the plaintiffs separate and distinct from that suffered by other shareholders or a special duty owed directly to plaintiffs by Coopers, the trial court did not err in sustaining the demurrers because plaintiffs failed to state causes of actions.

It is unnecessary for us to consider any alleged error regarding the statute of limitations. The judgments of the district court are affirmed.

AFFIRMED.