St. Paul Fire & Marine Insurance Company, appellant, v.
Touche Ross & Co., appellee.
452 N.W.2d 746

Filed March 23, 1990.    No. 88-109.

Joseph S. Daly and William H. Selde, of Sodoro, Daly & Sodoro, for appellant.

John T. Behrendt, Jamie Stern, and David Schieferstein, of Gibson, Dunn & Crutcher, and John E. North and Thomas C. McGowan, of McGrath, North, Mullin & Kratz, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

St. Paul Fire & Marine Insurance Company (St. Paul) appeals the sustainment of a demurrer and dismissal of its lawsuit against a firm of certified public accountants, Touche Ross & Co. (Touche Ross). We affirm in part, reverse in part, and remand with direction.

In the first of two causes of action, St. Paul alleges that financial statements and work papers prepared by Touche Ross to assist Commonwealth Companies, Inc. (Commonwealth), in obtaining surety credit were inaccurate and misleading and constituted negligent misrepresentation. In its second cause of action, St. Paul alleges that Touche Ross was negligent in preparing the financial statements and work papers and in performing accounting services to Commonwealth. The appellant claims that in extending surety credit and loans to Commonwealth, it relied upon the financial statements and work papers prepared by Touche Ross.

Touche Ross filed a general demurrer alleging that St. Paul's petition failed to state facts sufficient to constitute a cause of action because (1) the petition does not allege any contractual or equivalent relationship between St. Paul and Touche Ross, and (2) under the general principles of Nebraska law, Touche Ross did not owe a duty of care in the performance of its audit work on Commonwealth's financial statements to third parties and, therefore, cannot be held liable to St. Paul for the alleged negligence.

The district court for Douglas County sustained Touche Ross' demurrer and dismissed the case, whereupon St. Paul filed a motion for a new trial, which was overruled.

St. Paul's assignments of error may be summarized as alleging that the trial court erred in (1) sustaining Touche Ross' demurrer and dismissing St. Paul's petition, (2) finding that the petition failed to state facts sufficient to constitute a cause of action for negligent misrepresentation and negligence, (3) finding that the facts as stated were insufficient to establish a duty between the parties, and (4) failing to grant St. Paul's motion for a new trial.

We need only discuss St. Paul's first assignment of error to dispose of this appeal. A petition must contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." Neb. Rev. Stat. § 25-804 (Reissue 1989). A general demurrer tests substantive legal rights of parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. *First Nat. Bank of Omaha v. State*, 230 Neb. 259, 430 N.W.2d 893 (1988). When ruling on a demurrer, a court is required to accept the truth of facts well pled and factual and legal inferences which may reasonably be deduced from such facts, but the court does not accept the legal or factual conclusions of the pleader. Neither can the court assume the existence of any facts not alleged, find facts in aid of the pleading, nor consider what evidence may be introduced at the trial. *S.I.D. No. 272 v. Marquardt*, 233 Neb. 39, 443 N.W.2d 877 (1989); *Nebraska Natural Gas Co. v. City of Lexington*, 167 Neb. 413, 93 N.W.2d 179 (1958).

The trial court gave no reason for sustaining Touche Ross' demurrer. " ' "When a demurrer is interposed stating several grounds, the court should, when sustaining the demurrer, specify the grounds upon which it is sustained; otherwise, this court is not informed in regards wherein the complaint was deficient. . . ." ' " *Meyerson v. Coopers & Lybrand*, 233 Neb. 758, 762, 448 N.W.2d 129, 133 (1989).

In order for actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, failure to discharge that duty, and damages

proximately resulting from that undischarged duty. *First Nat. Bank of Omaha, supra.* "[N]egligence is actionable only when it results in damages." *Bittner v. Miller*, 226 Neb. 206, 212, 410 N.W.2d 478, 482 (1987).

In the first cause of action of its petition, which is based upon alleged negligent misrepresentation, and in the second cause of action, which is based upon alleged negligence, St. Paul claims that it *"will be forced* to incur losses in excess of $10,000.00." (Emphasis supplied.) Because St. Paul's petition alleges only damages which might arise in the future, it fails to state a cause of action.

The final paragraph of appellant's petition states: "WHEREFORE, Plaintiff has been damaged and prays for judgment against the Defendant in an amount exceeding $10,000.00, for its special damages plus general damages plus its costs herein expended." As to damages, the controlling facts disclosed by appellant's petition allege that St. Paul "will be forced to incur losses." The petition alleges no facts that St. Paul had suffered damages by the time the petition was filed. The language "Plaintiff has been damaged" in the final paragraph of the petition is part of St. Paul's prayer. The prayer of a petition is not part of the allegations of fact constituting a cause of action. *Waite v. Samson Dev. Co.*, 217 Neb. 403, 348 N.W.2d 883 (1984).

Because St. Paul alleged only that it would suffer damages in the future and did not allege that it had already suffered damages, this suit for negligence was filed prematurely. The trial court was correct in sustaining Touche Ross' demurrer.

If a demurrer is sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct. Neb. Rev. Stat. § 25-854 (Reissue 1989). We conclude that the trial court abused its discretion in failing to provide St. Paul an opportunity to amend its petition, and we remand this matter to the trial court with direction to give appellant leave to file an amended petition. The trial court should set a definite time period in which an amended petition may be filed. If after said amended petition is filed, the trial court sustains a demurrer and concludes that there is no reasonable possibility that St.

Paul can state a cause of action, the court need not grant appellant further leave to amend, *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984), and may then enter an order of dismissal.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.

FAHRNBRUCH, J., dissenting in part.

While I agree with the majority opinion that St. Paul Fire & Marine Company failed to properly plead a cause of action, based upon our holding in *Suzuki v. Gateway Realty*, 207 Neb. 562, 299 N.W.2d 762 (1980), I would have sustained the trial court's dismissal of the case.

In *Suzuki*, the trial court also sustained a demurrer and dismissed the case. The trial court did not refuse to grant permission to amend the petition but, rather, was silent on the matter. In concluding the trial court committed no error in failing to grant the plaintiff leave to file an amended petition, we said,

> This court has previously stated that, before error can be predicated upon the refusal of the court to permit an amendment to a petition after demurrer thereto is sustained, the record must show that, under the circumstances, the ruling of the court was an abuse of discretion. . . .
>
> In this case, the trial court, after sustaining the demurrer to the first cause of action, did not refuse to grant permission to amend the petition, but was silent on the matter and the plaintiffs at no time requested leave to amend their petition prior to the time of filing a motion for new trial in this case. . . .
>
> This court then can only conclude that the plaintiffs could not see any manner in which to amend their petition to allege a cause of action in negligence against Gateway and the ruling of the District Court is correct.

*Id*. at 565-66, 299 N.W.2d at 765-66.

Nowhere in the record does it indicate that St. Paul requested leave to amend its petition. As in *Suzuki*, it can only be concluded that, after the demurrer was sustained, St. Paul did not see any way to amend its petition to allege a cause of action

against Touche Ross.

It is noted that Neb. Rev. Stat. § 25-854 (Reissue 1989) provides that, if a demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct. This court has held on several occasions that there is no absolute right to amend a petition pursuant to § 25-854. *First Nat. Bank of Omaha v. State*, 230 Neb. 259, 430 N.W.2d 893 (1988); *Suzuki v. Gateway Realty, supra.* See, also, *Evans v. Metropolitan Utilities Dist.*, 184 Neb. 172, 166 N.W.2d 411 (1969); *Weiner v. Morgan*, 175 Neb. 656, 122 N.W.2d 871 (1963); *Coverdale & Colpitts v. Dakota County*, 144 Neb. 166, 12 N.W.2d 764 (1944). The majority veers from this longstanding principle and places an affirmative duty on a trial court to grant a party leave to file an amended petition even when, as here, the party makes no effort to amend its petition. I cannot justify placing such a burden on the trial court when it is unquestionably the burden of plaintiff's counsel.

HASTINGS, C.J., and BOSLAUGH, J., join in this dissent.