ROBERT O. LINVILLE ET AL., APPELLEES AND CROSS-APPELLANTS, v. THEODORE L. KOWALSKI ET AL., APPELLANTS AND CROSS-APPELLEES.

31 N. W. 2d 281

Filed March 12, 1948.    No. 32375.

*Philip R. Kneifl* and *Theodore L. Kowalski,* pro se, for appellants and cross-appellees.

*Winters & Winters,* for appellees and cross-appellants.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and BARTOS and JACKSON, District Judges.

SIMMONS, C. J.

This action originated as one in ejectment. It involves the right of possession of one part of a duplex residence property sold to plaintiffs by the defendants. By amended petition plaintiffs sought possession by praying for a determination of the rights of the parties and for specific performance of an alleged agreement to surrender possession. Defendants answered and cross-petitioned, praying for specific performance of the contract as they alleged it to be giving them the right to retain possession, or, in the alternative, for a reconveyance and accounting, and for equitable relief. Trial was had resulting in a judgment for the plaintiffs.

Defendants appeal. Plaintiffs cross-appeal as to the amount of a money recovery. We affirm the judgment of the trial court.

Defendants' first argued assignment of error is that the court erred in transferring the cause from the law to the equity docket, and permitting a hearing upon the cause in equity, contending that the cause of action remained substantially the same.

It appears that following the filing of the amended petition plaintiffs moved to transfer the cause from the law to the equity docket. The motion was granted. No resistance to the motion nor objection to the order granting it is shown. Defendants answered and cross-petitioned, without raising the issue now presented, and clearly invoked the equity jurisdiction of the court. Trial was had to the court without objection. During the trial defendants treated the issues as calling for equitable relief. This question was raised first in the motion for a new trial, and then only to the extent of alleging error in transferring from the one docket to the other. Here the defendants' contention is that they are entitled to equitable relief and state that we have jurisdiction to try this case de novo on the merits.

In Scroggin v. Johnston, 45 Neb. 714, 64 N. W. 236, plaintiff was given permission to change his petition from one in ejectment to one in equity. The defendants set up matters for equitable cognizance and demanded equitable relief. The cause was tried as one in equity. We held that the defendants, so pleading and trying the cause, could not thereafter successfully complain that the form of the action was changed. The form of action goes to the remedy, not to the cause. The identity of the cause of action was preserved. The trial court's order was not erroneous. See Criswell v. Criswell, 101 Neb. 349, 163 N. W. 302.

The defendants' next contentions are that the court decreed performance of a contract which the parties had not made, and that in any event the plaintiffs have

an adequate remedy at law. These contentions require a review of the evidence and the record.

The evidence shows the following factual situation. The defendants are husband and wife. Reference hereinafter to the defendant's testimony means that of defendant Mr. Kowalski. His wife did not testify and it appears her participation herein was to sign the papers involved.

On February 24, 1945, the plaintiffs signed an instrument on a printed form directed to a realty company, whereby they agreed to purchase the real estate involved in this action for $11,500. It also provided for a deposit of $200 and (inserted in longhand) "Balance cash on date of closing subject to a loan of $8,500. subject to owner having a lease for 6 months at $45 per month renewable at his option and subject to O. P. A. ruling and regulation." This instrument included a receipt from the realty company for the $200, which contains this clause in print: "In the event of the refusal or failure of the purchaser to consummate the purchase, the owner or vendor may, at his option, retain the said money hereby paid, as liquidated damages for such failure to carry out said contract of sale." Also a part of said instrument is an undated acceptance of the proposal signed by the defendants. It appears to have been signed about the date of the other executions in the instrument. It further appears the parties understood that the reference to the $8,500 loan was to a loan which the plaintiffs had to secure to make the purchase price. The plaintiffs negotiated a loan for an amount less than $8,500 but sufficient to enable them to make the purchase price payment. The loan had been approved and the transaction was ready for closing on March 3, 1945. The parties met at the loan office.

The defendants presented a lease for six months renewable at defendants' option. Plaintiffs testified that they refused to sign the lease and refused to complete the transaction under that condition. Defendant testi-

fied that they told him they could not get a loan with that sort of a lease on the property, and that the loan company required a lease for a definite period of time. The representative of the loan company denied that any such requirement was made, and testified that the loan had been approved prior to the meeting of the parties on March 3. Further negotiations were had with the result that on March 6, 1945, the parties again met at the loan company, and executed and delivered an instrument on a printed form entitled "City Lease," reciting that the plaintiffs leased to the defendants the property here involved for the term of two years from March 1, 1945, to March 1, 1947, for $45 per month, subject to the agreement that "* * * the lessees reserve the right to terminate said agreement by giving a thirty-day notice in writing of said termination to said lessors." Concurrently therewith the deed from defendants to plaintiffs, which had been executed on March 3, 1945, was delivered. Defendants remained in possession of the premises, paid the stipulated rent, gave no notice of an exercise of the "option" to renew at the end of six months, and otherwise appeared to hold under the two-year lease. On October 30, 1946, plaintiffs served on defendants a notice that they would not renew the lease after the expiration date of March 1, 1947. On the latter date the defendants tendered their rent and it was refused. The record contains some OPA proceedings wherein reference is made to defendants as tenants.

It is defendants' contention that they executed and delivered the two-year contract for the purpose of enabling the plaintiffs to secure a loan, and that the original agreement of February 24, 1945, is in force; and that they are entitled to specific performance of that agreement, or, in the alternative, to a cancellation of the entire transaction, an accounting, and a placing of the parties "in statu quo" as before this transaction began.

Defendants' contention that the two-year contract was only for the purpose of enabling the parties to secure a loan cannot be sustained. The record is clear that no such a condition was attached to the granting of the loan. The two-year contract negatives any such a condition, for the term is far less definite in it, as it clearly gave the defendants the right to terminate it in thirty days, whereas the original agreement bound the defendants, according to their construction of it, for a period of six months.

It seems clear to us that the parties understood that this transaction was to involve a deed from defendants to plaintiffs and a lease from plaintiffs to defendants. Plaintiffs refused to perform if the option provision of the contract was to be included in the lease. Defendants had the option of accepting a breach and pursuing their rights resulting therefrom, or of consummating the contract with a modification as to the term of the lease. They accepted a modification and completed the contract. There was without doubt a meeting of minds in so doing. There is no basis for the contention that the agreement of February 24, 1945, is still in force. It was merged in the completed agreement. Likewise there is no basis for the contention that the transaction should be set aside in its entirety.

We find, as did the trial court, that in effect the deed and the lease were all one transaction, resting on the same consideration, whereby the defendants conveyed real estate to the plaintiffs and reserved possession of a part thereof for a period not beyond March 1, 1947, conditioned upon the payment of a stipulated rent for the reserved period. The trial court held that all that remained for the consummation of the contract was the surrender of possession and decreed specific performance and the use of a writ of assistance if defendants did not vacate.

The specific question comes, should an equity court, under the circumstances of this case, decree and, if need

be, enforce surrender of possession, or should that relief be denied and the plaintiffs left to a remedy in ejectment?

As has been stated, defendants did not object to the jurisdiction of equity when plaintiffs filed their amended petition. On the contrary they answered, specifically pleaded an alleged contractual right to remain in possession of a part of the premises for an indefinite period, upon condition of the payment of rent and subject to OPA regulations, and specifically prayed for a determination of their rights and for specific performance of the alleged contract. Defendants joined in making the right of possession an issue in equity. Assuming, but not deciding, that they had a right to object to that jurisdiction initially, they brought themselves within the rule that " 'Where the party, having the right to object, voluntarily submits to the jurisdiction of a court of equity, the cause will be retained for trial on its merits and the proper relief awarded.' " Penn Mutual Life Ins. Co. v. Katz, 139 Neb. 501, 297 N. W. 899. Accordingly, we hold that the trial court did not err in awarding possession to plaintiffs.

This brings us to plaintiffs' cross-appeal. Plaintiffs alleged in their amended petition that the reasonable value of the premises after March 1, 1947, was $65 per month. Defendants alleged that the reasonable rental value was $45 per month. The trial court found that the reasonable rental value was $45 per month and entered judgment for that amount from March 1, 1947, to September 1, 1947, in the sum of $270. Plaintiffs seek an award based on $90 per month.

The evidence as to the value of the use is fragmentary. An expert witness who stated that he knew the fair rental value from March 1 to date of trial on August 15, 1947, answered that as a real-estate operator "we would ask at least $90.00 a month. right now" and that it would rent for that amount. One of the plaintiffs testified that at one time they had been offered $75 a

month. This does not necessarily establish the reasonable rental value for the period involved. Defendant testified that the rental value was $45 a month. That is the price which the parties fixed as the rental value during the negotiations in 1945. There is no showing that the rental value of the property had increased since that time. We conclude, as did the trial court, that the value of the use was $45 a month for the period from March 1, 1947, to September 1, 1947.

The judgment of the trial court is affirmed.

AFFIRMED.