NEBRASKA NATURAL GAS COMPANY, APPELLANT, v. CITY OF LEXINGTON, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

93 N. W. 2d 179

Filed November 28, 1958. No. 34454.

*Sidner, Lee, Gunderson & Svoboda* and *Stewart & Stewart,* for appellant.

*Smith Brothers* and *Hugh Stuart,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

MESSMORE, J.

The Nebraska Natural Gas Company, a corporation, as plaintiff, brought this action in the district court for Dawson County against the City of Lexington, a municipal corporation, C. L. Bieck, president of the city council, Fred C. Warnemunde, Jr., Oden Delp, George Keller, and Walter Judge, council members of the City of Lexington, defendants, to obtain a judgment enjoining the defendants from preventing the plaintiff putting into effect a rate schedule for the sale of gas to customers in the defendant city.

The defendants demurred to the plaintiff's petition. The trial court sustained the defendants' demurrer. The plaintiff thereafter filed an application requesting leave

to amend its petition. This application was overruled and the plaintiff's petition was dismissed. The plaintiff filed a motion for new trial which was overruled. From the overruling of the motion for new trial, the plaintiff appeals.

The plaintiff's petition alleged in substance that the City of Lexington, hereafter referred to as the city, was a municipal corporation, being a first class city organized and existing under the laws of the State of Nebraska, having been created a first class city on June 3, 1953, and at all times mentioned prior to said date it was a city of the second class. The petition then alleged the position of the defendants as members of the city council of the city. The petition further alleged that the plaintiff was a Delaware corporation fully qualified and authorized to do business in the State of Nebraska, and was engaged in the business of purchasing and selling at retail natural gas in various cities in Nebraska including the defendant city; that the plaintiff, in the course of its business, was serving gas customers in the city under the terms of a franchise dated October 31, 1950; that the plaintiff accepted the terms of the franchise by an instrument dated November 13, 1950; that the plaintiff, in order to serve the residents of the city, had invested and will be required to invest, large sums of money in equipment and services; that the plaintiff does not produce any of the gas which it furnishes, but purchases all of the same from a pipe line company over whose rates and costs plaintiff has no control; that the cost of gas purchased constitutes a very substantial portion of the plaintiff's cost of complying with said franchise; that the plaintiff is a public utility and as such is required, under the terms of its franchise, to furnish gas to the citizens of the city; that the rates charged by the plaintiff are subject to the regulations of the city council of the city under the laws of the State of Nebraska; that the plaintiff is entitled to a fair and reasonable return on its invested capital required for the

service of its customers within the city; that the refusal of the city council of the city to regulate the rates in such a manner as to permit the plaintiff to make a fair return on its investment will result in the confiscation of plaintiff's property without due process of law; that on October 1, 1957, the supplier of gas to the plaintiff increased the cost thereof 19.9 percent; that on October 22, 1957, the plaintiff orally requested the approval of an increase in rates at a meeting of the city council, and presented in support thereof a written report entitled "Statements of Operating Income for Year Ending December 31, 1956"; that in connection with said requested relief, the plaintiff submitted to the city council an amendment to the franchise ordinance providing for a rate which would make it possible for the plaintiff to furnish the service required by said franchise ordinance; that the defendants, notwithstanding the obligation placed upon them by law, have failed and refused to grant the requested relief and to amend said rate section of the franchise and are continuing in their refusal; that on January 14, 1958, the plaintiff requested the defendants to exercise the regulatory authority vested in them, but defendants have failed, neglected, and refused to exercise the powers delegated to them by law, and have refused to either consider said request or to grant the same; that defendants, by their action of failure and refusal to establish for the plaintiff the new rate, are depriving the plaintiff of its property without due process of law and in violation of the Fourteenth Amendment to the Constitution of the United States, and in violation of Article I, section 3, of the Constitution of the State of Nebraska; that rates provided and contained in an exhibit furnished by the plaintiff are reasonable, lawful, and valid, and are necessary to provide for the plaintiff a fair and reasonable return on the invested capital required for the service of gas customers in the city; that the plaintiff has no adequate remedy at law against defendants, nor against the gas customers in the

city served by plaintiff; and that the plaintiff has suffered, and continues to suffer, irreparable injury unless the defendants are prohibited from preventing the plaintiff to put into effect the rates set forth in an exhibit, and to collect the same.

The prayer was, in substance, that the defendants be enjoined and prohibited, by proper order of the court directed to defendants, from preventing the plaintiff from putting rates set forth in an exhibit attached to the petition into effect as reasonable, lawful, and valid rates, and collecting the same; that a writ of injunction be granted; and that upon a final hearing the same be made a permanent injunction.

The pertinent assignment of error necessary for a determination of this appeal may be stated as follows: The trial court erred in sustaining the demurrer to the plaintiff's petition and dismissing the plaintiff's cause of action which was contrary to law.

A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact. A general demurrer tests the substantive legal rights of parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. See Montgomery v. Blazek, 161 Neb. 349, 73 N. W. 2d 402.

The petition and the exhibits attached thereto and made a part thereof filed in the instant case disclose that on October 31, 1950, the franchise ordinance was adopted by the defendant city, and accepted by the plaintiff, Nebraska Natural Gas Company on November 13, 1950, and that the defendant city became a city of the first class on June 3, 1953.

In the case of Kansas-Nebraska Natural Gas Co. v. City of St. Edward, *ante* p. 15, 91 N. W. 2d 69, referring to the franchise considered in that case, it was stated: "Section 4 of the franchise ordinance provided: 'Grantee

shall file and make effective initially the schedule of maximum rates for natural gas service set forth below, and shall furnish natural gas at such rates, or at such other reasonable, lawful, and valid rates as may hereafter be established from time to time by Grantee, subject to the approval of the proper body having jurisdiction over such rates for gas service by Grantee in said city.' "

Section 4 of the franchise ordinance adopted by the defendant city in the instant case is in part as follows: "That the Grantee shall file and make effective initially the schedule of maximum rates for gas service as set forth below, and shall furnish gas at such rates or at such other reasonable, lawful and valid rates (not higher than the schedule of maximum rates below) as may be hereafter established from time to time, subject to the approval or acceptance thereof by the legal body having jurisdiction over such rates for gas service of Grantee in the said City; * * *."

It is apparent that both ordinances purport to fix the schedule of maximum rates, and contain substantially the provision: Subject to the approval or acceptance thereof by the legal body having jurisdiction over such rates for gas service of grantee in said city. Both ordinances were granted by cities of the second class and pursuant to the provisions of the same law.

The franchise granted to the plaintiff herein was granted pursuant to section 17-125, R. S. 1943, which provided in part as follows: "Such franchise shall fix the amount that may be charged during such period for such gas or electricity and provide that such city may, after such period, make any reasonable regulation with reference to any person, firm or corporation holding such franchise either as to charges for such gas or electricity or otherwise."

In 1955, the Legislature, by an independent act, Laws 1955, c. 41, § 1, p. 156, provided: "Cities of the second class and villages shall have power to regulate and fix

the rents or rates of gas, and to regulate and fix the charges for gas meters or other device or means necessary for determining the consumption of gas." This became section 17-528.01, R. S. Supp., 1955, and became effective September 18, 1955.

In 1957, the Legislature repealed both original sections 17-125, R. R. S. 1943, and 17-528.01, R. S. Supp., 1955, and enacted what is now section 17-528.02, R. S. Supp., 1957, which provides in part: "Such city or village may make any reasonable regulation with reference to any person, firm, or corporation holding such franchise as to charges for such gas." This amendment became effective September 20, 1957, prior to the date of filing of this action and prior to the order sustaining the defendants' demurrer and order dismissing the plaintiff's petition.

In the case of Kansas-Nebraska Natural Gas Co. v. City of St. Edward, *supra,* this court said: "The power to regulate the rates is at all times in the Legislature or in a regulatory body to which the Legislature delegates the power. The delegation to the city here of the power does not affect the power, but provides a body competent to exercise the power." After reviewing the cases of McCook Irrigation & Water Power Co. v. Burtless, 98 Neb. 141, 152 N. W. 334, L. R. A. 1915D 1205; Marquis v. Polk County Telephone Co., 100 Neb. 140, 158 N. W. 927; and Furstenburg v. Omaha & C. B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756, this court went on to say: "From these decisions the rule necessarily follows that a franchise for the sale of gas granted by a city of the second class to a public service corporation is made with the right of regulation of rates to be charged for gas a part of the contract; and that power rests in the Legislature until such time as it is delegated to a proper body. This rule is necessary either to protect the public service agency from confiscatory rates or to protect the public from exorbitant rates if so fixed by a franchise. The fact that the delegation of the power to

another body occurs after the granting of the franchise is not material."

As heretofore stated, the defendant city became a first class city on June 3, 1953.

Section 16-679, R. R. S. 1943, provides in part that cities of the first class may regulate and fix the rents or rates of gas and to regulate and fix the charges for gas meters.

Section 16-116, R. R. S. 1943, provides: "All ordinances, by-laws, acts, regulations, rules and proclamations, existing and in force in any city at the time of its incorporation as a city of the first class, shall remain in full force and effect after such incorporation until the same are repealed or modified by such city."

It is apparent that whether the rule as to first class or second class cities is followed, there is no fundamental difference in the result thereof.

The judgment should be, and is, reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

WENKE, J., participating on briefs.