RHONDA K. OVERMAN, APPELLEE, V. B.G. BROWN AND PATSY J. BROWN, APPELLANTS.

372 N.W.2d 102

Filed August 16, 1985.   No. 85-163.

Robert J. Murray of Kennedy, Holland, DeLacy & Svoboda, for appellants.

Donald W. Kleine and Joel L. Klausen of Kleine Law Office, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Plaintiff filed suit in the municipal court of Omaha alleging the defendants Brown breached a real estate purchase contract. Following the overruling of defendants' demurrer to the amended petition, defendants elected not to plead further and default judgment was entered against them. On appeal to the district court the judgment was affirmed, and defendants have appealed to this court. We affirm.

"A general demurrer tests the substantive legal rights of the parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded." *Blanchard v. White*, 217 Neb. 877, 880, 351 N.W.2d 707, 709 (1984). However, in ruling on a demurrer the courts are obliged to accept plaintiff's well-pleaded facts, as distinguished from conclusions, as true. *Allen v. County of Lancaster*, 218 Neb. 163, 352 N.W.2d 883 (1984).

The pertinent portion of plaintiff's amended petition reads as follows:

4. That on or about October 12, 1983, Plaintiff and Defendant Patsy J. Brown entered into an agreement wherein said Defendant was to purchase certain premises from the Plaintiff commonly known as 4915 North 118th Street, Omaha, Douglas County, Nebraska. A Uniform Purchase Agreement was executed by the parties as evidence of the agreement, a copy of which is attached hereto and incorporated herein as Exhibit "A". Thereafter, on November 4 [sic], 1983, by agreement of the parties, a second Uniform Purchase Agreement was entered into by the Plaintiff and Defendants Patsy J. Brown and B. G. Brown, which replaced the first purchase agreement. A copy of the second Uniform Purchase Agreement is attached hereto and incorporated herein as Exhibit "B". The second Uniform Purchase Agreement was accepted on November 4, 1983, by the Plaintiff on a separate authorization, a copy of which is

also attached hereto and incorporated herein as Exhibit "C".

The pleading goes on to allege a breach by the defendants and damages suffered by the plaintiff.

The bare facts alleged in the amended petition state the existence of a valid purchase agreement, i.e., the execution of a purchase agreement, including the acceptance by the plaintiff. It is only when reference is made to the actual documents involved, as exhibits to the pleading, that a suggestion of an anomaly appears.

Both of the offers to purchase were made on a "Uniform Purchase Agreement," a printed form, which contained the terms of the offer and the signature of Patsy J. Brown on the October agreement and those of both Patsy and B.G. Brown on the November agreement. Following the signatures of the defendants, still on the first page of the form, is a receipt of the offer and downpayment signed by the real estate agent. Contained within that receipt is the language "the above proposition is taken subject to the written approval and acceptance by the owner . . . ." Immediately following that signature, and at the very bottom of page 1, are the words "ACCEPTANCE ON REVERSE SIDE."

The agreement dated October 12 was signed by the plaintiff, following the heading "ACCEPTANCE" located at the top of the second page, in which plaintiff simply accepted the "foregoing proposition."

The November 3 agreement was not accepted in this same manner. Rather, there does appear in the record a letter dated November 4, written on the letterhead of Wurdeman of Omaha, signed by the plaintiff, which states as follows: "This is authorization of WURDEMAN OF OMAHA to exchange Original contract dated October 12, 1983 between PATSY J. BROWN - Purchaser and RHONDA K. OVERMAN - Seller for newly signed contract on 4915 North 118th Street, Omaha, Nebraska. Copy of which is attached."

Defendants argue that an offeror is the "master of his offer" and that failure to accept such offer in the prescribed manner is ineffective to create a binding agreement. However, we do not construe the offer to have *required* an acceptance in any

mandatorily assigned manner other than that it is to be in writing.

"If an offer prescribes the place, time or manner of acceptance its terms in this respect must be complied with in order to create a contract. If an offer merely suggests a permitted place, time or manner of acceptance, another method of acceptance is not precluded." Restatement (Second) of Contracts § 60 at 147 (1981).

In other words, an offeror is entitled to prescribe an exclusive method of acceptance of an offer, but when the offer as fairly interpreted merely suggests without explicitly directing a particular method of acceptance, the offer can be accepted in any reasonable manner. *David J. Tierney v. T. Wellington Carpets*, 8 Mass. App. 237, 392 N.E.2d 1066 (1979); *Vaulx v. Cumis Ins. Society, Inc.*, 407 A.2d 262 (D.C. 1979).

We do not view the directory language "ACCEPTANCE ON REVERSE SIDE" to be a mandatory requirement for the acceptance of the offer.

Defendants argue that regardless of the allegations in the petition, the purported acceptance by the plaintiff of the November 3 offer by means of a separate letter was ambiguous and ineffective. We do not agree.

Although it was perhaps ill advised and a clumsy and complicated method of performing a simple task, it could be construed to express an unequivocal intent on the part of the plaintiff to be bound by the terms of the November 3 agreement, sufficiently so that it would withstand the challenge of a demurrer.

"Acceptance may be made in several different ways, and ordinarily need not be express or formal, but may be shown by words, conduct, or acquiescence indicating agreement." 17 C.J.S. *Contracts* § 41 at 666 (1963). The act constituting the alleged acceptance of an offer must be judged by whether that communication by the offeree would lead a reasonable person to conclude that the offer has been accepted. *In re Mapes Enterprises, Inc.*, 15 Bankr. 192 (D. Nev. 1981).

Finally, defendants argue that the purchase agreement is void and unenforceable because it is not acknowledged by the defendants and the agreement purports to encumber their

homestead. Neb. Rev. Stat. § 40-104 (Reissue 1984).

Defendants support their conclusion as to the encumbrance of their homestead by referring to language in the agreement that their offer to purchase is conditioned upon their sale of the present home before they are obligated to close on the subject property. Further, the defendants are given up to 6 months, with an option to extend for 6 months, to sell and close on their present home.

The defendants insist that if they refused to go through with the purchase and refused to sell their home, the plaintiff could commence an action for specific performance and force the defendants to accept any good faith offers on their present home; therefore, such a provision becomes an encumbrance on their property.

The fact of the matter is, of course, that plaintiff has elected to proceed in damages, which forecloses the possibility of a suit for specific performance. Therefore, whether plaintiff could have elected to bring a suit in equity is not before us, and we do not decide that issue. *Litz v. Wilson*, 208 Neb. 483, 304 N.W.2d 48 (1981). However, we are of the opinion that in the event such an action would have been brought, the most the court could do would be to order the purchase of plaintiff's house by the defendants; it could not, we believe, force defendants to sell their own home. The agreement did not constitute an encumbrance.

The judgment of the district court is correct and is affirmed.

AFFIRMED.