HENRY F. REIMER ET AL., APPELLANTS, V. K N ENERGY, INC., A NEBRASKA CORPORATION, APPELLEE.

388 N.W.2d 479

Filed June 13, 1986.   Nos. 85-322, 85-323.

Robert I. Eberly, for appellants.

James D. Conway of Conway, Connolly & Pauley, P.C.; B.J. Becker; and James W. Symonds of Cronin, Hannon & Symonds, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

In these two suits, which have been consolidated for argument in this court, the plaintiff-appellant, Henry F. Reimer, challenges, on his own behalf and purportedly on behalf of others similarly situated, the validity of the $4-per-month minimum customer service rate which defendant-appellee, K N Energy, Inc., a supplier of natural gas, charges under a municipal franchise and ordinance. Specifically, he seeks to enjoin K N Energy from collecting the disputed rate from himself and others (for heating use only purchases in case No. 85-322 and for unlimited use purchases in case No. 85-323), to have the disputed rate declared uncollectible, to obtain refunds of the moneys previously collected therefor, to enjoin collection of the disputed rate pendente lite, and for other just and proper equitable relief. The trial court sustained K N Energy's demurrer to the petition in each case. Upon Reimer's election not to amend his petitions, the trial court dismissed each suit. Reimer's six assignments of error coalesce to claim that the trial court erred in ruling that each of the petitions fails to state a cause of action against K N Energy. We reverse and remand for further proceedings.

Each of the petitions alleges the following facts: That K N Energy is engaged in the business of selling natural gas; that the city of O'Neill, Nebraska, granted K N Energy a franchise to sell to its residents; that Reimer and the others similarly situated are residents of said city and customers of K N Energy; that said city adopted an ordinance fixing customer rates; that the disputed rate was billed to K N Energy's customers beginning September 1982; that the customers received and continue to

receive nothing for the disputed rate; that Reimer and the others have protested and refused to pay the disputed rate, although they have paid the other rates for gas supplied; and that K N Energy has made demand for payment of the disputed rate and has threatened to disconnect gas service if such is not paid. From the foregoing facts Reimer concludes that the disputed rate is unlawful for a variety of reasons, including that it violates the terms of the franchise and is arbitrary, unreasonable, and confiscatory.

Stripped of surplus language, K N Energy's demurrer in each case alleges that (1) the district court lacks subject matter jurisdiction, (2) plaintiff lacks legal capacity to sue, and (3) the petition fails to state facts sufficient to constitute a cause of action. Neb. Rev. Stat. § 25-806 (Reissue 1985).

The task of this court is to determine whether K N Energy's demurrers were properly sustained on the basis of any one or more of the foregoing three grounds. *Harmon Care Centers v. Knight*, 215 Neb. 779, 340 N.W.2d 872 (1983).

As to the question of subject matter jurisdiction, this court has previously declared that while the Legislature has delegated to municipalities the authority to regulate, determine, and fix natural gas rates, the district courts of this state have the power to grant relief from such rates as are arbitrary, unreasonable, and confiscatory. *Kansas-Nebraska Nat. Gas Co., Inc. v. City of Sidney*, 186 Neb. 168, 181 N.W.2d 682 (1970); *Nebraska Natural Gas Co. v. City of Lexington*, 167 Neb. 413, 93 N.W.2d 179 (1958); *Kansas-Nebraska Natural Gas Co. v. City of St. Edward*, 167 Neb. 15, 91 N.W.2d 69 (1958). It is true that each of the above-cited cases was brought by the gas supplier to enjoin the municipality from preventing the implementation of fair, adequate, and compensatory rates. However, in *Myers v. Blair Tel. Co.*, 194 Neb. 55, 230 N.W.2d 190 (1975), this court, in dealing with the power of the Public Service Commission to regulate telephone service and rates, answered the telephone company's argument that its rate of return should not be confiscatory so as to deprive it of property without compensation by saying:

We fully agree, and have so held. As a corollary thereto, however, neither should the utility be permitted to

confiscate the ratepayers' fees without giving the reasonably adequate service for which those rates were set. The commission can no more permit the utility to have confiscatory rates for the service it performs than it can compel a utility to provide service without just and equitable compensation. As a matter of elemental justice, consumers of utility services are entitled to the same protection against confiscation of property or arbitrary action on the part of the utility as are the utilities.

*Id*. at 62, 230 N.W.2d at 196.

Thus, we hold that just as the district court has the power to protect a supplier of natural gas from municipal action which deprives it of a fair, reasonable, and compensatory rate, so, too, does the district court have the power to protect a consumer of such gas from an arbitrary, unreasonable, and confiscatory rate.

Hence, the district court has jurisdiction over the subject matter of these actions.

The next question is whether the petition shows on its face that Reimer does not have the legal capacity to sue.

We neither consider nor decide whether the suits may proceed as class actions, for not only is that issue not addressed in the briefs but if Reimer has the capacity to sue on his own individual behalf and has stated causes of action, the suits may, in any event, proceed as his individual actions. *Harmon Care Centers v. Knight, supra*; *Roadrunner Development v. Sims*, 213 Neb. 649, 330 N.W.2d 915 (1983); *Blankenship v. Omaha P.P. Dist.*, 195 Neb. 170, 237 N.W.2d 86 (1976).

In *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982), we said that in order to maintain an action, one must have some legal interest in the outcome of the litigation, and that in order to maintain an action to enforce private rights, a plaintiff must show that he or she will be benefited by the relief to be granted. Thus, we ruled that one who was not a subscriber to cable television services and, thus, was not himself a ratepayer could not challenge the rate-setting ordinance. We further said that one seeking to restrain the act of a municipal body must show some special injury peculiar to himself or herself aside from and independent of the general

injury to the public, unless the matter involves an illegal expenditure of public funds or an increase in the tax burden. Applying the same principles, we held in *Green v. Cox Cable of Omaha, Inc.*, 212 Neb. 915, 327 N.W.2d 603 (1982), that city council members had no special standing to challenge an ordinance of the city they served as such. See, also, *Nebraska Sch. Dist. No. 148 v. Lincoln Airport Auth.*, 220 Neb. 504, 371 N.W.2d 258 (1985).

In the cases presently before us there are factual allegations from which it can be inferred that Reimer has a legal interest in the outcome of the litigation, that he will be benefited by the relief granted, and that he has a special interest peculiar to himself aside from and independent of the general injury to the public.

Unlike the situation in *Hall*, Reimer is a ratepayer; he will benefit to the extent of $4 per month both in the past and in the future if the disputed rate is declared arbitrary, unreasonable, and confiscatory, and will remove the threat of having his gas service terminated. He obviously, therefore, has alleged a special injury peculiar to himself aside from and independent of any general injury to the public.

Thus, K N Energy's allegation that Reimer lacks legal capacity to sue is without merit.

That brings us to the last question, Do the petitions state causes of action? In testing whether a petition which has been challenged by a demurrer does so, we are required to accept as true all the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but we do not accept as true the conclusions of the pleader. *Overman v. Brown*, 220 Neb. 788, 372 N.W.2d 102 (1985); *Harmon Care Centers v. Knight*, 215 Neb. 779, 340 N.W.2d 872 (1983); *Nebraska Natural Gas Co. v. City of Lexington*, 167 Neb. 413, 93 N.W.2d 179 (1958).

The fact of prime importance to this phase of our analysis, as pled by Reimer, is that he receives nothing for the disputed rate charged by K N Energy. If that allegation is true, the legal inference that the rate is arbitrary, unreasonable, and confiscatory as to him necessarily follows. Thus, each of the petitions states a cause of action irrespective of whether the

disputed rate also, as Reimer alleges, violates the franchise, a matter with which we therefore need not and do not now concern ourselves.

K N Energy's basic arguments are that the city of O'Neill should be a party to these actions and that the actions constitute collateral attacks upon the rate ordinance.

As to the first of these arguments we can only point out that if there is a defect of parties defendant, a circumstance which would constitute a ground for demurring, § 25-806, the defect was not raised. The issue is therefore not before us, and we cannot, and do not, consider it.

As to the second argument, the actions do in fact constitute collateral attacks against the rate ordinance. Such attacks, however, are proper. The setting of natural gas rates is a legislative act. *Kansas-Nebraska Nat. Gas Co., Inc. v. City of Sidney*, 186 Neb. 168, 181 N.W.2d 682 (1970); *Kansas-Nebraska Natural Gas Co. v. City of St. Edward*, 167 Neb. 15, 91 N.W.2d 69 (1958). Since there is no appeal from that action, its validity is subject to judicial review through a collateral attack. See *Mullendore v. School Dist. No. 1, ante* p. 28, 388 N.W.2d 93 (1986). Indeed, *Kansas-Nebraska Nat. Gas Co., Inc. v. City of Sidney, supra, Nebraska Natural Gas Co. v. City of Lexington, supra*, and *Kansas-Nebraska Natural Gas Co. v. City of St. Edward, supra*, were collateral attacks on legislative determinations which deprived gas suppliers of fair, reasonable, and compensatory rates. For other examples of collateral attacks on legislative acts, see, *Sasich v. City of Omaha*, 216 Neb. 864, 347 N.W.2d 93 (1984) (zoning ordinance); *S.I.D. No. 95 v. City of Omaha*, 221 Neb. 272, 376 N.W.2d 767 (1985), and *Voss v. City of Grand Island*, 186 Neb. 232, 182 N.W.2d 427 (1970) (annexation ordinances); and *Reiser v. Hartzler*, 213 Neb. 802, 331 N.W.2d 523 (1983) (special assessments).

For the foregoing reasons the district court's judgments of dismissal are erroneous; the causes are therefore remanded for further proceedings. Reimer's suggestion that K N Energy's conduct of the litigation has been such that it should become liable for his attorney fees is, however, without merit and is therefore rejected.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.