HENRY F. REIMER ET AL., APPELLANTS, V. K N ENERGY, INC., A
NEBRASKA CORPORATION, APPELLEE.

430 N.W.2d 273

Filed October 7, 1988.    No. 87-064.

Robert I. Eberly for appellants.

William M. Connolly and James D. Conway, of Conway, Connolly & Pauley, P.C., James W. Symonds, of Cronin, Symonds & Heitz, and B.J. Becker for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and MORAN and BROWER, D. JJ.

CAPORALE, J.

Plaintiff-appellant, Henry F. Reimer, on his own behalf and purportedly on behalf of all others similarly situated, seeks a declaration that a certain monthly "customer charge" imposed by defendant-appellee and counterclaimant, K N Energy, Inc., a Nebraska corporation, is confiscatory and thus uncollectible; seeks to enjoin future collection of the charge; and seeks to recover such payments of the charge as may have been made in the past by members of the purported class. In its counterclaim, K N Energy seeks judgment for the monthly customer charges Reimer has refused to pay. The district court dismissed Reimer's petition and entered judgment in favor of K N Energy on its counterclaim. Reimer asserts the district court erred in (1) dismissing his petition and (2) denying this suit class action status. Reimer assigns no error to the judgment entered in favor of K N Energy. We affirm.

Reimer first contracted with K N Energy for residential gas service in 1964. At that time, K N Energy informed Reimer of a $2 monthly minimum fee, which Reimer paid because it equaled the amount he would have had to pay in disconnection and reconnection charges to discontinue his gas service through the summer months and to resume it in the fall. This $2 monthly minimum fee was billed to all of K N Energy's gas customers regardless of the amount of gas actually used, although customers using more than $2 worth of gas per month were billed only for the gas they consumed.

Under a new rate structure approved by the city of O'Neill, K N Energy, in August of 1982, abandoned the minimum monthly fee and began in October to separately bill $4 per month as a "customer charge" and a separate amount for "gas service," which varies with the amount of gas actually used. Reimer remitted to K N Energy all charges for gas actually used but has continually refused to pay the $4 monthly customer charge.

The only evidence concerning K N Energy's current rate structure came from its expert witness, who testified that he supervised an economic analysis of the rate structure K N Energy employed in O'Neill. Based on this analysis, which was completed in June 1982, the witness recommended institution of the customer charge about which Reimer now complains.

This witness testified that K N Energy's cost of providing service is based on two major components, the cost of the gas itself and other customer-related costs. The latter component reflects the cost of providing services to each individual customer and includes items such as installation and maintenance of the portion of the gas supply line which runs from the common main supply line to the individual customer's home, the cost of meter reading, and the clerical costs associated with maintaining each customer's account. These costs are independent of those associated with a customer's actual use of gas, and exist for the utility regardless of whether an individual customer uses any gas in a given month. Thus, according to this witness, the use of a bifurcated system of cost allocation based on these two components provides "greater equity between customer classes or customer groups." Using the customer charge concept in designing a rate structure generally

lowers the corresponding charge per unit volume of gas, thereby rewarding conservative volume users with lower total bills. The monthly customer charge partially defrays the cost of having the service available should a customer such as Reimer wish to avail himself of it.

This witness' analysis revealed that K N Energy's customer-related cost in O'Neill, as of December 31, 1981, was $7.61 per customer per month; nevertheless, he recommended that the monthly customer charge be set at $4 "to temper the impact of the change in rate design" upon customers. In this witness' opinion, prior to adoption of the customer charge, K N Energy's O'Neill revenues "were deficient enough to be confiscatory, weren't even recovering enough money to meet interest expense." Indeed, if K N Energy were denied collection of the customer charges billed from October 1982 through the time of trial, K N Energy "would not receive a reasonable, fair and equitable return on [its] investment devoted to public service."

In view of the fact that the evidence concerning the nature of the disputed monthly customer charge is uncontradicted, we are confronted solely with a question of law, in connection with which this court is obligated to reach its own independent conclusion. *Gottsch Feeding Corp. v. Red Cloud Cattle Co.,* 229 Neb. 746, 429 N.W.2d 328 (1988). We have previously established that the courts of this state have the power to review legislatively set rates to determine whether they are so arbitrary and unreasonable as to be confiscatory and thus to take unconstitutionally a consumer's property without due process of law. *Bard v. Cox Cable of Omaha, Inc.,* 226 Neb. 880, 416 N.W.2d 4 (1987); *Reimer v. K N Energy, Inc.,* 223 Neb. 142, 388 N.W.2d 479 (1986) (in which we reversed the sustainment of K N Energy's demurrer in this case, thus setting the stage for the trial producing this appeal).

Contrary to Reimer's claim that he receives nothing for the monthly service charge and that it is therefore confiscatory, the evidence establishes that the charge enables him to remain connected to the utility in order that he may avail himself of its services at will without incurring disconnection and reconnection charges. Further, payment of the costs associated

with that ability and with other activities associated with maintaining his account reduces the unit cost of the gas he consumes. The monthly customer charge therefore cannot be characterized as arbitrary, unreasonable, or confiscatory. Although the holdings of regulatory bodies are not controlling, it is nonetheless noteworthy that a number of such bodies have approved similar rate structures. E.g., *Re Lawrenceburg Gas Co.*, 52 Pub. Util. Rep. 4th (PUR) 453 (Apr. 11, 1983); *Re Washington Gas Light Co.*, 52 Pub. Util. Rep. 4th (PUR) 1 (Feb. 25, 1983); *Re Hope Nat. Gas Co.*, 51 Pub. Util. Rep. 4th (PUR) 431 (Jan. 31, 1983).

Reimer next argues that K N Energy's customer charge violates its franchise agreement with the city of O'Neill. The franchise is embodied in a city ordinance which requires K N Energy to "furnish and install for its customers, and at its cost keep in repair reliable meters." Reimer's position is, apparently, that the "customer charge" includes a component for furnishing, installing, and repairing reliable meters and that, to this extent, the customer charge violates the relevant ordinance.

In considering Reimer's position, we first note that the record is silent regarding the extent to which meter installation and maintenance costs are reflected in the customer charge. However, assuming for the sake of argument that such costs are in fact part of the fixed capital costs of service which are in part defrayed through the imposition of the customer charge, we see no conflict with the language of the ordinance.

The relevant language proscribes direct billing to an individual customer specifically for installation and maintenance of that customer's particular meter. Under the terms of the franchise agreement, K N Energy may not submit a bill to a customer containing an itemized charge for installation or repair of that customer's meter. K N Energy may, however, prorate such costs among all users within the franchise area as a fixed estimable cost of doing business. That is precisely what K N Energy has done.

There is no merit, therefore, to Reimer's first assignment of error. That determination renders unnecessary any consideration of the class action issue presented by the second assignment of error.

The judgment of the district court, being correct, is hereby affirmed.

AFFIRMED.